UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

MAY 1 4 2014

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § |
| LEONARD KIBERT | § |
| TSOLAK GEVORGYAN | § |
|    a/k/a MIKE | § |
| CHRISTOPHER O'BRIEN | § |
| GREGORIUS BROWN | § |
| ROBERT MANNING | § |
|      Defendants | § |

Criminal No.
UNDER SEAL

1 4 CR 204

UNSealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

## A. INTRODUCTION

At all times material to this Indictment:

## THE MEDICARE PROGRAM

1.    The Medicare Program ("Medicare") was a federally funded health insurance program that provided health care benefits to certain individuals, primarily the elderly, blind, and disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS) an agency of the United States Department of Health and Human Services ("HHS"). Individuals who received

benefits under Medicare were often referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3.      Medicare Part B helped pay for certain physician services, outpatient services, and other services, including diagnostic testing, etc. that were medically necessary and were ordered by licensed medical doctors or other qualified health care providers.

## THE DEFENDANTS

4.      LEONARD KIBERT, defendant herein, was a Doctor, licensed by the State of Texas to practice medicine, and resided in Houston, Texas.

5.      TSOLAK GEVORGYAN a/k/a MIKE, defendant herein, was the Manager of the Medical Clinic located at 2117 Chenevert Street, Suite A, Houston Texas ("Chenevert Clinic") and resided in Houston, Texas.

6.      CHRISTOPHER O'BRIEN, defendant herein, worked at the Chenevert Clinic as an unlicensed Physician's Assistant and resided in Houston, Texas.

7.      GREGORIUS BROWN, defendant herein, worked at the Chenevert Clinic as a Physician's Assistant, licensed by the State of Texas, and resided in Houston, Texas.

8.      ROBERT MANNING, defendant herein, was a marketer/recruiter for

the Chenevert Clinic, and resided in Houston, Texas.

## B. <u>THE CONSPIRACY</u>

9.      Beginning in or about June, 2006, the exact time being unknown and continuing thereafter to in or about September, 2009, in the Houston Division of the Southern District of Texas and elsewhere, defendants,

**LEONARD KIBERT,**
**TSOLAK GEVORGYAN a/k/a MIKE,**
**CHRISTOPHER O'BRIEN,**
**GREGORIUS BROWN, and**
**ROBERT MANNING**

did knowingly and willfully combine, conspire, confederate and agree with each other and other persons known and unknown to the grand jury to commit and aid and abet certain offenses against the United States:

To violate the Health Care Fraud statute, that is, to knowingly and willfully execute and attempt to execute, a scheme and artifice: (1) to defraud a health care benefit program; namely the Medicare program; and (2) to obtain, by means of material false and fraudulent pretenses, representations, and promises, money and property owned by, or under the custody and control of, a health care benefit program, namely Medicare, in connection with the delivery of and payment for health care benefits, items and services, violation of Title 18, United States Code Section 1347.

3

## C. OBJECT OF THE CONSPIRACY

10.    It was an object of the conspiracy that the defendants and others known and unknown to the Grand Jury unlawfully enrich themselves by falsely and fraudulently representing to Medicare that certain services and procedures were performed for Medicare beneficiaries when in fact the defendants well knew the services and procedures were not being performed or were not medically necessary.

## D. MANNER AND MEANS

It was a part of the conspiracy that:

11.    Defendant LEONARD KIBERT would and did file a Certificate of Formation of a Professional Association with the Texas Secretary of State for Leonard G. Kibert, M.D., P.A. on July 6, 2006.

12.    Defendant LEONARD KIBERT would and did file an Assumed Name Certificate with the Harris County Clerk for Leonard G. Kibert, M.D., P.A. d/b/a New Life Sleeping & Allergy Disorder Center on July 6, 2006.

13.    Defendant LEONARD KIBERT would and did file a Medicare Enrollment Application in the name of Leonard G. Kibert, M.D., P.A. on July 6, 2006 for the Chenevert Clinic.

14.    Defendant LEONARD KIBERT would and did open checking account number *9066, in the name of Leonard G. Kibert, M.D., P.A., at Bank of America on

4

June 8, 2006 for the purpose of receiving Medicare payments for medical services and procedures allegedly done at the Chenevert Clinic.

15.     Defendant LEONARD KIBERT would and did file an Electronic Funds Transfer Authorization Agreement with Medicare on August 28, 2006 for the purpose of designating Bank of America checking account number *9066 ("Kibert's BOA account") as the account authorized to receive the direct deposit of Medicare payments for medical services and procedures allegedly done at the Chenevert Clinic.

16.     Defendant LEONARD KIBERT would and did provide the checkbook for Kibert's BOA account to the individuals managing the Chenevert Clinic.

17.     Defendant LEONARD KIBERT would and did sign checks from Kibert's BOA account whenever requested by the individuals managing the Chenevert Clinic.

18.     Defendant LEONARD KIBERT would and did receive $254,300.00 from Kibert's BOA account work at the Chenevert Clinic.

19.     Defendant TSOLAK GEVORGYAN a/k/a MIKE would and did receive a total of $121,535.00 from two bank accounts in the name of Gohev Service, Inc. for his work at the Chenevert Clinic.

20.     Defendant TSOLAK GEVORGYAN a/k/a MIKE would and did pay

5

marketers/recruiters cash to bring Medicare beneficiaries to the Chenevert Clinic.

21. Defendant ROBERT MANNING would and did file a Certificate of Formation of a For Profit Corporation with the Texas Secretary of State for GGM, Inc. on September 9, 2008.

22. Defendant ROBERT MANNING would and did receive a total of $229,550.00 from the Gohev Services, Inc. account for referring patients to the Chenevert Clinic.

23. Defendant ROBERT MANNING would and did pay Medicare beneficiaries cash to go to the Chenevert Clinic for alleged medical services.

24. Defendant CHRISTOPHER O'BRIEN would and did receive $56,613.00 from the Gohev Service, Inc. for his work at the Chenevert Clinic.

25. Defendant GREGORIUS BROWN would and did receive $33,384.00 from the Gohev Service, Inc. account for his work at the Chenevert Clinic.

26. Defendants, LEONARD KIBERT, TSOLAK GEVORGYAN a/k/a MIKE, CHRISTOPHER O'BRIEN, GREGORIUS BROWN and ROBERT MANNING, would and did cause Medicare to be billed for procedures, including rectal sensation tests and EMG studies of the anal or urethral sphincter, which were never performed.

27. Defendants, LEONARD KIBERT, TSOLAK GEVORGYAN a/k/a

MIKE, CHRISTOPHER O'BRIEN, GREGORIUS BROWN and ROBERT MANNING, would and did cause Medicare to be billed for procedures at the Chenevert Clinic, totaling approximately $6.6 million, which were either not performed or were not medically necessary.

28.     Defendants, LEONARD KIBERT, TSOLAK GEVORGYAN a/k/a MIKE, CHRISTOPHER O'BRIEN, GREGORIUS BROWN and ROBERT MANNING, would and did cause Medicare to directly deposit approximately $2.9 million to Kibert's BOA account for procedures at the Chenevert Clinic which were either not performed or were not medically necessary.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH THIRTY-EIGHT
### (Health Care Fraud)
### 18 U.S.C. § 1347

### A. INTRODUCTION

At all times material to this Indictment:

1.     Paragraphs 1 through 9 of Section A of Count One are realleged and incorporated as though fully set forth herein.

2.     Beginning in or about June 2006, defendants

**LEONARD KIBERT,
TSOLAK GEVORGYAN a/k/a MIKE,
CHRISTOPHER O'BRIEN,
GREGORIUS BROWN, and**

**ROBERT MANNING**

caused Medicare to be billed, and aided and abetted the billing of Medicare, for medical procedures which either were not performed or were not medically necessary. As a result of this unlawful scheme, Medicare paid out in excess of $2.8 million based on the false and fraudulent claims.

### B. PURPOSE OF THE SCHEME TO DEFRAUD

3.　　It was a purpose of the scheme to defraud that the defendants and others known and unknown to the Grand Jury unlawfully enrich themselves by falsely and fraudulently representing to Medicare that certain services and procedures were performed for Medicare beneficiaries when in fact the defendants well knew the services and procedures either were not being performed or were not medically necessary.

### C. MANNER AND MEANS

4.　　Paragraphs 12 through 29 of Section D of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

### D. HEALTH CARE FRAUD

5.　　Beginning in or about June 2006, and continuing thereafter to in or about September 2009, in the Houston Division of the Southern District of Texas and elsewhere, defendants

**LEONARD KIBERT,**
**TSOLAK GEVORGYAN a/k/a MIKE,**
**CHRISTOPHER O'BRIEN,**
**GREGORIUS BROWN, and**
**ROBERT MANNING**

aided and abetted by each other and others known and unknown to the grand jury,

did knowingly and willfully execute and attempt to execute a scheme and artifice to

defraud a health care benefit program, and to obtain by means of material, false and

fraudulent pretenses, representations, and promises, any of the money and property

owned by, and under the custody and control of, a health care benefit program in

connection with the delivery of and payment for health care benefits, items, and

services, to wit; on or about the below listed dates, the defendants listed caused to be

submitted false and fraudulent claims to Medicare:

| CT | DEFENDANT(S) | PATIENT INITIALS | PATIENT MEDICARE NO. | DATE OF CLAIM | CLAIM NUMBER | AMOUNT BILLED | FALSE CLAIM |
|---|---|---|---|---|---|---|---|
| 2 | Leonard Kibert Tsolak Gevorgyan Robert Manning | D.M | 8922A | 6/8/09 | 809159668120 | $1,000 | Services not provided |
| 3 | Leonard Kibert Tsolak Gevorgyan Robert Manning | D.M | 8922A | 6/8/09 | 809159668130 | $1,020 | Services not provided |
| 4 | Leonard Kibert Tsolak Gevorgyan Robert Manning | D.M | 8922A | 6/8/09 | 809159668140 | $960 | Services not provided |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 5 | Leonard Kibert<br>Tsolak Gevorgyan<br>Robert Manning | D.M. | 8922A | 6/8/09 | 809159668150 | $360 | Services not provided |
| 6 | Leonard Kibert<br>Tsolak Gevorgyan | C.G. | 2675A | 6/8/09 | 809159668290 | $1,020 | Services not provided |
| 7 | Leonard Kibert<br>Tsolak Gevorgyan | C.G. | 2675A | 6/8/09 | 809159668280 | $1,000 | Services not provided |
| 8 | Leonard Kibert<br>Tsolak Gevorgyan | C.G. | 2675A | 6/8/09 | 809159668300 | $960 | Services not provided |
| 9 | Leonard Kibert<br>Tsolak Gevorgyan<br>Christopher O'Brien | D.D. | 4586A | 9/10/09 | 809253590330 | $1,370 | Services not provided |
| 10 | Leonard Kibert<br>Tsolak Gevorgyan | D.D. | 4586A | 9/10/09 | 809253590340 | $1,000 | Services not provided |
| 11 | Leonard Kibert<br>Tsolak Gevorgyan | D.D. | 4586A | 9/10/09 | 809253590350 | $1,020 | Services not provided |
| 12 | Leonard Kibert<br>Tsolak Gevorgyan<br>Robert Manning | A.L. | 0271A | 9/2/09 | 809245888830 | $1,000 | Services not provided |
| 13 | Leonard Kibert<br>Tsolak Gevorgyan<br>Robert Manning | A.L. | 0271A | 9/2/09 | 809245888840 | $1,020 | Services not provided |
| 14 | Leonard Kibert<br>Tsolak Gevorgyan<br>Robert Manning | A.L. | 0271A | 9/2/09 | 809245888850 | $960 | Services not provided |
| 15 | Leonard Kibert<br>Tsolak Gevorgyan<br>Robert Manning | A.L. | 0217A | 9/2/09 | 809245888870 | $1,370 | Services not provided |
| 16 | Leonard Kibert<br>Tsolak Gevorgyan | B.L. | 2811A | 7/27/09 | 909208375210 | $1,000 | Services not provided |
| 17 | Leonard Kibert<br>Tsolak Gevorgyan | B.L. | 2811A | 7/27/09 | 909208375220 | $1,020 | Services not provided |
| 18 | Leonard Kibert<br>Tsolak Gevorgyan | B.L. | 2811A | 7/27/09 | 909208375230 | $960 | Services not provided |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 19 | Leonard Kibert Tsolak Gevorgyan Gregorius Brown | B.P. | 9696A | 6/26/09 | 909177314220 | $1,370 | Services not provided |
| 20 | Leonard Kibert Tsolak Gevorgyan Gregorius Brown | B.P. | 9696A | 6/26/09 | 909177314230 | $310 | Services not provided |
| 21 | Leonard Kibert Tsolak Gevorgyan Gregorius Brown | B.P. | 9696A | 9/8/09 | 909251212590 | $820 | Services not provided |
| 22 | Leonard Kibert Tsolak Gevorgyan Robert Manning | J.D. | 8789A | 6/8/09 | 909159359680 | $1,000 | Services not provided |
| 23 | Leonard Kibert Tsolak Gevorgyan Robert Manning | J.D. | 8789A | 6/8/09 | 909159359690 | $1,020 | Services not provided |
| 24 | Leonard Kibert Tsolak Gevorgyan Robert Manning | J.D. | 8789A | 6/8/09 | 909159359700 | $960 | Services not provided |
| 25 | Leonard Kibert Tsolak Gevorgyan Robert Manning | N.W. | 0741A | 5/19/09 | 909139302530 | $1,370 | Services not provided |
| 26 | Leonard Kibert Tsolak Gevorgyan Robert Manning | N.W. | 0174A | 6/19/09 | 909170147960 | $1,000 | Services not provided |
| 27 | Leonard Kibert Tsolak Gevorgyan Robert Manning | N.W, | 0174A | 6/19/09 | 909170147980 | $960 | Services not provided |
| 28 | Leonard Kibert Tsolak Gevorgyan | M.F. | 4116A | 7/20/09 | 209201045460 | $1,370 | Services not provided |
| 29 | Leonard Kibert Tsolak Gevorgyan | M.F. | 4116A | 9/22/09 | 909265245410 | $250 | Services not provided |
| 30 | Leonard Kibert Tsolak Gevorgyan | M.F. | 4116A | 9/22/09 | 909265245420 | $240 | Services not provided |
| 31 | Leonard Kibert Tsolak Gevorgyan | J.H. | 6716A | 7/6/09 | 909187131480 | $1,000 | Services not provided |
| 32 | Leonard Kibert Tsolak Gevorgyan | J.H. | 6716A | 7/6/09 | 909187131490 | $1,020 | Services not provided |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 33 | Leonard Kibert<br>Tsolak Gevorgyan | J.H | 6716A | 7/6/09 | 909187131500 | $960 | Services not provided |
| 34 | Leonard Kibert<br>Tsolak Gevorgyan | W.J. | 5214A | 6/8/09 | 909159360000 | $1,000 | Services not provided |
| 35 | Leonard Kibert<br>Tsolak Gevorgyan | W.J. | 5214A | 6/8/09 | 909159360020 | $960 | Services not provided |
| 36 | Leonard Kibert<br>Tsolak Gevorgyan<br>Christopher O'Brien | E.O. | 5141A | 5/19/09 | 909139302690 | $1,370 | Services not provided |
| 37 | Leonard Kibert<br>Tsolak Gevorgyan<br>Christopher O'Brien | E.A. | 8177A | 5/19/09 | 909139302680 | $1,370 | Services not provided |
| 38 | Leonard Kibert<br>Tsolak Gevorgyan<br>Christopher O'Brien | G.V. | 1229A | 6/3/09 | 909154348280 | $1,370 | Services not provided |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT THIRTY-NINE
### Conspiracy to Pay and Receive Kickbacks
### (18 U.S.C. § 371)

### A. INTRODUCTION

1.     Paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

### B. THE CONSPIRACY

2.     From in or around October 2008, and continuing thereafter to in or about September 2009, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

### TSOLAK GEVORGYAN a/k/a MIKE
### and

12

## ROBERT MANNING

did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the grand jury, to commit certain offenses against the United States, that is:

a. to violate Title 42, United States Code, Section 1320a-7b(b)(1), by knowingly and willfully soliciting and receiving remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare; and for the purchasing, leasing, ordering and arranging for and recommending the purchasing, leasing and ordering of any good, item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare; and

b. to violate Title 42, United States Code, Section 1320a-7b(b)(2), by knowingly and willfully offering and paying remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare; and for the purchasing, leasing, ordering and arranging for and recommending the purchasing,

leasing and ordering of any good, item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare.

## C. **OBJECT OF THE CONSPIRACY**

3.    It was an object of the conspiracy that the defendants and others known and unknown to the Grand Jury unlawfully enrich themselves by paying and receiving kickbacks and bribes in exchange for the referral of Medicare beneficiaries for whom the Chenevert Clinic would submit claims to Medicare.

## C. **MANNER AND MEANS**

4.    Paragraphs 12 through 29 of Section D of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

## D. **OVERT ACTS**

5.    In furtherance of the conspiracy and to effect the objects thereof, the following Overt Acts, among others, were committed in the Southern District of Texas,

(1) On or about May 19, 2009, defendant TSOLAK GEVORGYAN a/k/a MIKE caused Gohev Service, Inc. to issue check number 1550 from its Bank of America account *7389 payable to defendant ROBERT MANNING's company, GGM, Inc., in the amount of $4,950.00.

(2) On or about June 24, 2009, defendant TSOLAK GEVORGYAN

a/k/a MIKE caused Gohev Service, Inc. to issue check number 1599 from its Bank of America account *7389 payable to defendant ROBERT MANNING's company, GGM, Inc., in the amount of $5,700.00.

(3) On or about July 6, 2009, defendant TSOLAK GEVORGYAN a/k/a MIKE caused Gohev Service, Inc. to issue check number 1620 from its Bank of America account *7389 payable to defendant ROBERT MANNING's company, GGM, Inc., in the amount of $5,550.00.

(4) On or about July 22, 2009, defendant TSOLAK GEVORGYAN a/k/a MIKE caused Gohev Service, Inc. to issue check number 1640 from its Bank of America account *7389 payable to defendant ROBERT MANNING's company, GGM, Inc., in the amount of $6,450.00.

(5) On or about August 6, 2009, defendant TSOLAK GEVORGYAN a/k/a MIKE caused Gohev Service, Inc. to issue check number 1643 from its Bank of America account *7389 payable to defendant ROBERT MANNING's company, GGM, Inc., in the amount of $5,700.00.

All in violation of Title 18, United States Code, Section 371

## COUNTS FORTY THROUGH FORTY-FOUR
### Payment and Receipt of Healthcare Kickbacks
### (42 U.S.C. §§ 1320a-7b (b)(1) & (b)(2) and 18 U.S.C. § 2)

1.      Paragraphs 1 through 9 and 12 through 29 of Count One the Indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about the dates enumerated below, in the Houston Division of the Southern District of Texas and elsewhere, the defendants as set forth below,   aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and willfully offer and pay remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in exchange for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare and by knowingly and willfully soliciting and receiving remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare:

| CT | DEFENDANT(S) | DATE | APPROXIMATE PAYMENT |
|---|---|---|---|
| 40 | Tsolak Gevorgyan Robert Manning | 5/19/09 | $4,950.00 |
| 41 | Tsolak Gevorgyan Robert Manning | 6/24/09 | $5,700.00 |

| 42 | Tsolak Gevorgyan<br>Robert Manning | 7/6/09 | $5,550.00 |
| 43 | Tsolak Gevorgyan<br>Robert Manning | 7/22/09 | $6,450.00 |
| 44 | Tsolak Gevorgyan<br>Robert Manning | 8/6/09 | $5,700.00 |

All in violation of 42 U.S.C. §§ 1320a-7b(b)(1) & (b)(2) and 18 U.S.C. § 2

## COUNTS FORTY-FIVE THROUGH FORTY-SEVEN
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity - 18 U.S.C. § 1957)

1.      On or about the dates set forth below, in the Houston Division of the Southern District of Texas and elsewhere, the defendant

## LEONARD KIBERT

aided and abetted by others, known and unknown, did knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is health care fraud in violation of Title 18, United States Code, Section 1347, as follows:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 45 | 7/3/09 | Issuance of Check # 1608 drawn on the Leonard G. Kibert, MD, PA, BOA account *9066, in the amount of $33,000.00, payable to Gohev Service, Inc. |

| 46 | 8/17/09 | Issuance of Check # 1617 drawn on the Leonard G. Kibert, MD, PA, BOA account *9066, in the amount of $26,000.00, payable to Gohev Service, Inc. |
| 47 | 8/25/09 | Issuance of Check # 1620 drawn on the Leonard G. Kibert, MD, PA, BOA account *9066, in the amount of $12,000.00, payable to Leonard G. Kibert |

All in violation of Title 18, United States Code, Section 1957 and 2.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 982(a)(7)

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States gives notice to defendants

**LEONARD KIBERT,
TSOLAK GEVORGYAN a/k/a MIKE,
CHRISTOPHER O'BRIEN,
GREGORIUS BROWN, and
ROBERT MANNING**

that upon conviction of conspiracy in violation of Title 18, United States Code, Sections 1349 or of a violation of Title 18, United States Code, Section 1347, all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offenses, is subject to forfeiture.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendant

18

## LEONARD KIBERT

that upon conviction of a violation of Title 18, United States Code, Section 1957, all property, real or personal, involved in such money laundering offenses or traceable to such property, is subject to forfeiture.

## MONEY JUDGMENT

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the defendants may be jointly and severally liable.

## SUBSTITUTE ASSETS

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants;

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), and as incorporated by reference in Title 18, United States

Code, Section 982(b)(1).

A TRUE BILL

Original signature on File

~~FOREP~~ERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
    Albert A. Balboni
    Assistant United States Attorney

20