UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CAUSE 4:14-CR-204 |
| | § | JUDGE KEITH ELLISON |
| GREGORIUS BROWN | § | |

**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE**

*TO THE HONORABLE KEITH ELLISON*:

Greg Brown provides the following response to the government's motion in limine:

1.    The government's motion states:

The United States further requests that defendants be prohibited from using the Memorandums of Interviews to refresh the recollection of any testifying witness **unless and until the defendant proves that the witness previously has read and adopted the Memorandum of Interview as his or her statement**. Otherwise, there is a substantial likelihood that using the agent's MOI to refresh a witness' memory will prejudice the government and unfairly confuse the witness into concluding that if an agent wrote something down then he or she must have said it; even if they do not remember saying it.

(Docket entry 200, page 3) (Bolding added).

2.    This request is not accompanied by any caselaw.

3.    In fact, the government's request squarely contradicts Fifth Circuit holdings on the use of documents to refresh the recollection of a witness.  In U.S. v. Carey, the Court of Appeals ruled:

But contrary to Carey's argument, **the admissibility of testimony accompanied by a Rule 612 refreshment does not depend upon the source of the writing, the identity of the writing's author, or the truth of the writing's contents, for *"[i]t is hornbook law that any writing may be used to refresh the recollection of a witness."* Esperti**, 406 F.2d at 150; *accord Thompson*, 342 F.2d at 139–40; *see* 4 Jack V. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 612.03[3][b] (Joseph M. McLaughlin ed. 2009); 28 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure § 6184 (1993 & Supp. 2009).  Even if, as Carey contends, the writing was neither authored by DJ nor completely accurate, these considerations inform only the weight to be accorded by the finder of fact, not the admissibility of DJ's testimony. *See Thompson*, 342 F.2d at 139 ("The reliability

or truthfulness of the statement was relevant only to the problem of the weight and credibility to be accorded the witness' testimony.").

*U.S. v. Carey*, 08-60961, 2009 WL 4066672 (5th Cir. 2009) (Bolding and italics added).

4.    The government's motion asks this Court to establish an entirely new (and unsupported) standard: that a defendant prove the witness previously has read and adopted the document used to refresh as his or her statement.

5.    The government's limine request should be denied.

Respectfully submitted,

/s/ David Adler

_____

David Adler
State Bar of Texas 00923150
Southern District of Texas 17942
6750 West Loop South
Suite 120
Bellaire (Houston), Texas 77401
(713) 666-7576
(713) 665-7070 (Fax)

Attorney for Defendant,
Gregorius Brown

CERTIFICATE OF SERVICE

A copy of this response was provided to the prosecution on February 13, 2016.

/s/ David Adler

_____

David Adler